Michael J. McQuaid, Esq.
(Bar No. 95871)
W. George Wailes, Esq.
(Bar No. 100435)
CARR, MCCLELLAN, INGERSOLL,
THOMPSON & HORN
Professional Law Corporation
216 Park Road
P.O. Box 513
Burlingame, CA 94011-0513
Telephone: (650) 342-9600
Facsimile: (650) 342-7685
mmcquaid@carr-mcclellan.com

Attorneys for Plaintiff
JANINA M. ELDER, TRUSTEE

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>SAND HILL CAPITAL PARTNERS III,<br>LLC, a California limited liability company,<br><br>        Debtor. | Chapter 7<br><br>No. 08–30989 TC 7 |
| JANINA M. ELDER, Trustee of the<br>Bankruptcy Estate of Sand Hill Capital<br>Partners III, LLC, a California limited<br>liability company, Debtor,<br><br>        Plaintiff,<br><br>        vs.<br><br>MARY THORNHILL as Trustee of the<br>Wirth 1984 Revocable Trust and as<br>successor,<br><br>        Defendant. | Adv. Pro. No.<br><br>COMPLAINT TO AVOID AND RECOVER<br>FRAUDULENT TRANSFERS AND FOR<br>ACCOUNT STATED, AN ACCOUNTING,<br>AND TURNOVER [11 U.S.C §§ 544, 547,<br>548, 550 and California Civil Code §§ 3439.04<br>and 3439.05] |

Janina M. Elder, the duly appointed, qualified, and acting Chapter 7 Trustee ("Trustee")

of the Bankruptcy Estate of Sand Hill Capital Partners III, LLC, a California limited liability

company ("Debtor") alleges:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334(b) and 28 U.S.C. §157(a).

2. Alternatively, this Court has jurisdiction pursuant to Article 1, Section 8 of the United States Constitution and the inherent power of the bankruptcy courts to administer and resolve disputes relating to the property of a debtor in bankruptcy.

3. Venue is proper pursuant to 28 U.S.C. §1409(a).

4. This is an adversary proceeding brought pursuant to Bankruptcy Rules 7001 et seq.

5. This is a core proceeding pursuant to 28 U.S.C. §157 (b)(2)(A), (H), and (O).

GENERAL ALLEGATIONS

6. On June 5, 2008 ("Petition Date"), the Debtor filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code.

7. Trustee has been at all relevant times the duly appointed, qualified, and acting Trustee of the Chapter 7 estate of the Debtor.

8. Trustee is informed and alleges that Defendant Mary Thornhill, as Trustee of the Wirth 1984 Revocable Trust and as successor, may have invested monies with the Debtor.

9. Trustee is informed and alleges that at all relevant times William James Del Biaggio, III aka "Boots" Del Biaggio ("Del Biaggio") was a founder and managing member of the Debtor.

10. Trustee is informed and alleges that the Debtor operated a Ponzi scheme from at least 2003 to the Petition Date ("Ponzi Scheme").

11. Trustee is informed and alleges that the Ponzi Scheme attracted large sums of money and that the investors' money was not used to invest in other entities on behalf of Debtor.

12. Trustee is informed and alleges that the investors' money was used for: (a) Del Biaggio's personal benefit, (b) to pay prior investors who invested money, and (c) in furtherance of operating the Ponzi Scheme. Trustee is informed that as a result of the Ponzi Scheme from at least December 31, 2003, forward Debtor was insolvent by more than $3 million and that its debt

1  greatly exceeded it assets during all times relevant to this complaint.

2  ## FIRST CLAIM FOR RELIEF

3  (Avoidance and Recovery of Fraudulent Transfers)

4      13.    Trustee alleges paragraphs 1 through 12 here.

5      14.    Trustee is informed and alleges that the Debtor made transfers of its interests in

6  property to or for the benefit of Defendant in the amount of at least $443,394.33.  A partial list of

7  the transfers is set forth below.  In addition, Trustee may discover additional transfers.  The

8  actual amount of the transfers will be proven at trial after discovery.

| Date | Check Number | Amount |
|------|--------------|--------|
| 09/02/2003 | 997 | $125,000.00 |
| 10/01/2003 | 1012 | 1,835.33 |
| 10/1/2003 | 1013 | 25,000.00 |
| 10/29/2003 | 1017 | 4,329.00 |
| 10/31/2003 | 1023 | 4,329.00 |
| 12/30/2003 | 1028 | 4,329.00 |
| 01/29/2004 | 1037 | 4,329.00 |
| 02/20/2004 | 1041 | 4,329.00 |
| 04/01/2004 | 1152 | 4,329.00 |
| 05/01/2004 | 1160 | 4,329.00 |
| 06/01/2004 | 1161 | 4,329.00 |
| 07/01/2004 | 1167 | 4,329.00 |
| 08/01/2004 | 1172 | 4,329.00 |
| 09/01/2004 | 1175 | 4,329.00 |
| 10/01/2004 | 1178 | 4,329.00 |
| 11/01/2004 | 1183 | 4,329.00 |
| 12/11/2004 | 1184 | 4,329.00 |
| 01/01/2005 | 1186 | 4,329.00 |
| 02/01/2005 | 1193 | 4,329.00 |
| 04/01/2005 | 1104 | 4,329.00 |
| 03/01/2005 | 1195 | 4,329.00 |
| 05/01/2005 | 1106 | 4,329.00 |
| 06/01/2005 | 1109 | 4,329.00 |
| 07/01/2005 | 1111 | 4,329.00 |
| 08/01/2005 | 1122 | 4,329.00 |
| 09/01/2005 | 1124 | 4,329.00 |
| 10/01/2005 | 1140 | 4,329.00 |
| 11/01/2005 | 1144 | 4,329.00 |
| 12/01/2005 | 1146 | 4,329.00 |
| 01/01/2006 | 1215 | 4,329.00 |
| 04/12/2006 | 1270 | 145,455.58 |

26630-06133\iManage\3200428.1

Case: 10-03080   Doc# 1   Filed: 06/01/10   Entered: 06/01/10 14:58:52   Page 3 of 7

| Date | Check Number | Amount |
|---|---|---|
| 04/24/2006 | 1275 | 29,220.42 |
| | TOTAL | $443,394.33 |

15.     The transfers specified in the preceding paragraph made by Debtor to or for the benefit of Defendant may be avoided by Trustee in that the transfers were made with actual intent to hinder, delay, or defraud Debtor's creditors.  Trustee is informed and alleges that Debtor attempted to conceal these transfers from its creditors by not keeping any records or documents concerning the transfers as these transfers were an integral part of Debtor's Ponzi Scheme.

16.     Trustee did not discover and could not reasonably have discovered the transfers before Debtor filed its petition on the Petition Date.

17.     The transfers are avoidable under 11 U.S.C. §544(b) and California Civil Code §3439, et seq., including §3439.04(a)(1), and recoverable under 11 U.S.C. §550.

WHEREFORE, Trustee prays for judgment as set forth below.

### SECOND CLAIM FOR RELIEF

(Avoidance and Recovery of Fraudulent Transfers)

18.     Trustee alleges paragraphs 1 through 12 here.

19.     Trustee is informed and alleges that within four years before the Petition Date, the Debtor made transfers of its interests in property to or for the benefit of Defendant in the amount of at least $256,927.  A partial list of the transfers is set forth below.  In addition, Trustee may discover additional transfers.  The actual amount of the transfers will be proven at trial after discovery.

| Date | Check Number | Amount |
|---|---|---|
| 07/01/2004 | 1167 | $4,329.00 |
| 08/01/2004 | 1172 | 4,329.00 |
| 09/01/2004 | 1175 | 4,329.00 |
| 10/01/2004 | 1178 | 4,329.00 |
| 11/01/2004 | 1183 | 4,329.00 |
| 12/11/2004 | 1184 | 4,329.00 |
| 01/01/2005 | 1186 | 4,329.00 |
| 02/01/2005 | 1193 | 4,329.00 |
| 04/01/2005 | 1104 | 4,329.00 |

| Date | Check Number | Amount |
|---|---|---|
| 03/01/2005 | 1195 | 4,329.00 |
| 05/01/2005 | 1106 | 4,329.00 |
| 06/01/2005 | 1109 | 4,329.00 |
| 07/01/2005 | 1111 | 4,329.00 |
| 08/01/2005 | 1122 | 4,329.00 |
| 09/01/2005 | 1124 | 4,329.00 |
| 10/01/2005 | 1140 | 4,329.00 |
| 11/01/2005 | 1144 | 4,329.00 |
| 12/01/2005 | 1146 | 4,329.00 |
| 01/01/2006 | 1215 | 4,329.00 |
| 04/12/2006 | 1270 | 145,455.58 |
| 04/24/2006 | 1275 | 29,220.42 |
| | TOTAL | $256,927.00 |

20.     The transfers set forth in the preceding paragraph and any others proven at trial were made by the Debtor to Defendant may be avoided by Trustee in that Debtor received less than reasonably equivalent value in exchange for the transfers, and was engaged or was about to engage in business or a transaction for which the remaining assets of the Debtor was unreasonably small in relation to the business or transaction; or Debtor intended to incur, or believed that it would incur debts beyond its ability to pay as they became due.  Trustee is informed and alleges that Debtor received no value in exchange for the transfers.  Trustee has offered Defendant an opportunity to provide documentation of value and Defendant has not produced documentation of value to the Debtor from these transfers.

21.     The transfers are avoidable under 11 U.S.C. §544(b) and California Civil Code §3439, et seq., including §3439.04(a)(2), and recoverable from Defendant under 11 U.S.C. §550.

WHEREFORE, Trustee prays for judgment as set forth below.

THIRD CLAIM FOR RELIEF

(Avoidance and Recovery of Fraudulent Transfers)

22.     Trustee alleges paragraphs 1 through 12 and 19 here.

23.     The transfers specified in paragraph 19 made by the Debtor to or for the benefit of Defendant may be avoided by Trustee in that the Debtor received less than reasonably equivalent value in exchange for the transfers, and was insolvent on the date that the transfers were made, or

became insolvent as a result of the transfers. Trustee is informed and alleges that Debtor received no value in exchange for the transfers. Trustee has offered Defendant an opportunity to provide documentation of value and Defendant has not produced documentation of value to the Debtor from these transfers.

24. The transfers specified in paragraph 20 are avoidable under 11 U.S.C. §544(b) and California Civil Code §3439.05, and recoverable from Defendant under 11 U.S.C. §550.

WHEREFORE, Trustee prays for judgment as set forth below.

## FOURTH CLAIM FOR RELIEF

### (Account Stated)

25. Trustee alleges paragraphs 1 through 12 as though fully set forth here.

26. Trustee is informed and believes and thereupon alleges that during the last four years an account was stated in writing between Debtor and Defendant of at least $256,927. Defendant agreed to pay Debtor $256,927.

27. Trustee is informed and believes and thereupon alleges that neither the whole nor any part of the above amount has been paid although payment has been demanded, leaving a balance due to Debtor of at least $256,927, plus interest, all according to proof at trial.

WHEREFORE, Trustee prays for judgment as set forth below.

## FIFTH CLAIM FOR RELIEF

### (Accounting)

28. Trustee alleges paragraphs 1 through 63 here.

29. Trustee is unaware of the extent or amount of all payments and transfers made by the Debtor to or for the benefit of Defendant during the seven year period before the Petition Date. Trustee is entitled to an accounting of all transfers of Debtor's property to Defendant during that time period.

30. To the extent that the accounting establishes that there are transfers to Defendant additional to the amounts specified above, Trustee seeks to avoid the transfers under 11 U.S.C. §§544, 547, and 548 and seeks recovery of the transfers under 11 U.S.C. §550.

WHEREFORE, Trustee prays for judgment as set forth below.

## SIXTH CLAIM FOR RELIEF

(Turnover)

31.     Trustee is informed and alleges that Defendant is in possession, custody, or control of property of the Debtor's bankruptcy estate which is currently unknown to Trustee.

32.     The property described in the preceding paragraph is property of Debtor's bankruptcy estate pursuant to 11 U.S.C. §541, and Trustee is entitled to turnover and immediate possession of the property under 11 U.S.C. §542. Defendant has failed and refused to surrender the property to Trustee.

WHEREFORE, Trustee prays for judgment against Defendant as follows:

1.     For judgment avoiding each of the transfers set forth above;

2.     For judgment recovering the transfers set forth above;

3.     For damages of at least $443,394.33 according to proof;

4.     For judgment directing Defendant to account for all transfers made to Defendant by Debtor during the seven years before the Petition Date;

5.     For judgment directing Defendant to turnover to Trustee all property of the Debtor's bankruptcy estate in Defendant's possession, custody, or control;

6.     For interest on the damages from the date Defendant should have paid them;

7.     For costs of suit according to proof; and

8.     For any other relief the Court deems proper.

Dated: June 1, 2010

Respectfully submitted,

CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
Professional Law Corporation

By: _____
Michael J. McQuaid/W. George Wailes
Attorneys for Plaintiff
Janina M. Elder, Trustee