WAYNE A. SILVER, Esq. (108135)
333 West El Camino Real, Suite 310
Sunnyvale, California 94807
Tel. (408) 720-7007
Fax. (408) 720-7001
Email: w_silver@sbcglobal.net

Attorney for Defendant,
MARY THORNHILL, as Trustee of the
Wirth 1984 Revocable Trust and as successor

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No.: 08-30989-TEC |
| | Chapter 7 |
| SAND HILL CAPITAL PARTNERS III, LLC, a California limited liability company, | |
| Debtor. | |
| | Adv. Pro. No. 10-3080 |
| JANINA M. HOSKINS, Trustee of the Bankruptcy Estate of Sand Hill Capital Partners III, LLC, a California limited liability company, Debtor, | Date:    May 20, 2011 |
| | Time:    9:30 a.m. |
| | Court:   235 Pine St., 23rd Fl. |
| Plaintiff, | Hon. Thomas E. Carlson |
| v. | **OPPOSITION TO MOTION TO STRIKE JURY DEMAND AND COUNTER-MOTION FOR LEAVE TO AMEND ANSWER** |
| MARY THORNHILL, as Trustee of the Wirth 1984 Revocable Trust and as successor, | |
| Defendant. | |

MARY THORNHILL, as Trustee of the Wirth 1984 Revocable Trust and as successor, the

Defendant named above (the "Defendant"), opposes the Motion To Strike Jury Demand filed by

JANINA M. HOSKINS, ("Plaintiff") Trustee of the Bankruptcy Estate of Sand Hill Capital Partners

III, LLC, a California limited liability company, Debtor in the above-captioned Adversary

Proceeding No. 10-3080, (the "Debtor"). Defendant counter-moves for leave to file the attached

Opposition To Motion To Strike Jury Demand And Counter-Motion For Leave To Amend Answer

Case: 10-03080    Doc# 21    Filed: 05/06/11    Entered: 05/06/11 12:54:14    Page 1 of 12

[Proposed] First Amended Answer.

## I.   INTRODUCTION AND BRIEF FACTUAL BACKGROUND

Plaintiff's Complaint alleges:

1.      Debtor filed a Chapter 7 Petition on June 5, 2008 ("Petition Date")

2.      Debtor operated a Ponzi scheme from at least 2003 to the Petition Date.

3.      Defendant was the trustee of a trust that invested money with the Debtor.

4.      Transfers from the Debtor to or for the benefit of the Defendant in the amount of $443,394 were made from September 2, 2003 – April 12, 2006.

[Complaint, ¶¶6 – 12]

Plaintiff has sued Defendant for avoidance and recovery of these transfers under 11 U.S.C. §544(b) and California Civil Code §3439, et seq., turnover under 11 U.S.C. §542, account stated and accounting. Defendant timely answered and demanded a jury however, **Defendant did not file a proof of claim or a counterclaim**. [The Court is requested to take judicial notice of the Docket in the above-captioned Adversary Proceeding No. 10-3080 and the Claims Register in the Debtor's Chapter 7 Case No. 08-30989-TEC]. Despite the absence of either a counterclaim or proof of claim, Plaintiff moves to strike Defendant's jury demand, because Defendant raised two affirmative defenses that Plaintiff contends implicate the Court's claim resolution process and therefore invoked the equitable jurisdiction of the Court.

Defendant counter-moves to amend her Answer to clarify the two affirmative defenses to make clear she is not seeking an affirmative recovery from the bankruptcy estate, and thereby preserve her right to a jury trial.

## II.   LAW AND ARGUMENT

### 1.   <u>Defendant Has Not Waived Her Jury Trial Right</u>

Plaintiff does not argue Defendant does not have a Seventh Amendment right to a jury trial, but rather has waived it by raising two affirmative defenses. And while there are various ways in which a party may waive the right to a jury trial in a bankruptcy case, none are present here.

A party who invokes the claims allowance process of the bankruptcy court by filing a claim against the estate is not entitled to a jury trial as to claims in turn brought against it by the trustee.

Case: 10-03080    Doc# 21    Filed: 05/06/11    Entered: 05/06/11 12:54:14    Page 2 of 12

[*Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 330 (1990)]  And the assertion of a counterclaim in an adversary proceeding can also result in a waiver of the right to a jury trial if "the counterclaimant was seeking to achieve an affirmative recovery from the estate by circumventing the bankruptcy court's formal claims allowance procedure." [*Container Recycling Alliance v. Lassman*, 359 B.R. 358, 360 (D.Mass.2007)]

Regardless of the disguise under which a claim is asserted, and regardless of the intent of a party to preserve a right to jury trial, the Court must look to the substance of the assertion to determine whether the claims allowance process has been invoked." [*In re Commercial Fin. Servs., Inc.,* 251 B.R. 397, 408 (Bankr.N.D.Okla.2000)] If a defendant is not seeking an affirmative recovery against the bankruptcy estate, the claims allowance process is not implicated, and she is entitled to assert affirmative defenses without waiving her right to a jury trial. [See, e.g., *In re Wolverine, Proctor & Schwartz, LLC*, 404 B.R. 1 (D.Mass.,2009)]

The objective of Defendant's affirmative defenses is merely recoupment, and Defendant has counter-moved for leave to amend her Answer to clarify this point. The affirmative defenses at issue in Defendant's Answer are:

11.  As a separate affirmative defense, Defendant is entitled to set off amounts due from the Debtor to the Defendant against Plaintiff's claims for relief herein, if any there are.

17.  As a separate affirmative defense, Defendant alleges that Plaintiff is indebted to Defendant for damages which equal any sum which Plaintiff may recover from Defendant, if any; therefore, Plaintiff is not entitled to recover from Defendant.

Defendant's [Proposed] First Amended Answer combines these two affirmative defenses into a single affirmative defense for recoupment:

11.  As a separate affirmative defense, without conceding that any act of this Defendant caused damage to Plaintiff, or any other person in any respect, Defendant alleges that she is entitled to recoup against any judgment that may be entered.

Defendant is not circumventing the bankruptcy court's formal claims allowance procedure nor is she seeking an affirmative recovery from the estate.

Opposition To Motion To Strike Jury Demand And Counter-Motion For Leave To Amend Answer

### 2. The Court Has Broad Discretion To Grant A Jury Trial

If the Court were to find Defendant waived her right to a jury by asserting the offending affirmative defenses, the Court is vested with a broad degree of discretion in determining whether a jury trial shall nonetheless be granted. [*Hazelrigg v. Am. Fid. & Cas. Co.,* 241 F.2d 871, 873 (10th Cir.1957)] Defendant timely demanded a jury in her Answer, and did not file a proof of claim or a counterclaim. Defendant is not seeking an affirmative recovery from the estate. Should the Court find Defendant waived her right to a jury, Defendant requests the Court exercise such discretion given these facts, to preserve this important constitutional right.

### 3. Defendant's Counter-Motion For Leave To File First Amended Answer

Without waiving her argument that she is presently entitled to a jury trial, and reserving all rights and remedies, Defendant counter-moves for leave to file her [Proposed] First Amended Answer that clarifies her affirmative defenses and otherwise leaves her initial Answer undisturbed.

The Federal Rules of Civil Procedure ("FRCP") provide that leave to amend should be freely given "when justice so requires." [FRCP 15(a)(2)] Federal policy strongly favors determination of cases on their merits. Therefore, the role of pleadings is limited, and leave to amend the pleadings is freely given unless the opposing party makes a showing of undue prejudice, or bad faith or dilatory motive on the part of the moving party. [*Foman v. Davis*, (1962) 371 US 178, 182, 83 S.Ct. 227, 230; *FilmTec Corp. v. Hydranautics*, 67 F3d 931, 935–936 (Fed. Cir. 1995); Martinez v. Newport Beach City, 125 F3d 777, 785 (9th Cir. 1997), overruled on other grounds, *Green v. City of Tucson*, 255 F.3d 1086 (9th Cir., 2001)]

The Ninth Circuit has made clear that in exercising its discretion, a court must be guided by the underlying purpose of FRCP 15; to facilitate decision on the merits rather than on the pleadings or technicalities. [*United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981)]

Thus, while "leave to amend should not be granted automatically," the circumstances under which Rule 15(a) "permits denial of leave to amend are limited." [*Ynclan v. Department of Air Force*, 943 F2d 1388, 1391(5th Cir. 1991)] the Rules require that leave to amend should be freely given "when justice so requires." [FRCP 15(a)(2); see *Lone Star Ladies Invest. Club v. Schlotzsky's Inc.* 238 F3d 363, 367(5th Cir. 2001) —policy favoring leave to amend "a necessary companion to

Opposition To Motion To Strike Jury Demand And Counter-Motion For Leave To Amend Answer

Case: 10-03080   Doc# 21   Filed: 05/06/11   Entered: 05/06/11 12:54:14   Page 4 of 12

notice pleading and discovery."] This policy is to be applied with "extreme liberality." [*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F3d 1048, 1051 (9th Cir. 2003)]

**III.    CONCLUSION**

Although the Ninth Circuit has not addressed the question of waiver of jury trial by assertion of affirmative defense in an adversary proceeding, Defendant seeks to preserve her fundamental Seventh Amendment right by amending her Answer to eliminate the issue.

Dated: May 6, 2011                    /s/ Wayne A. Silver
                                      Wayne A. Silver, attorney for Defendant MARY
                                      THORNHILL, as Trustee of the Wirth 1984
                                       Revocable Trust and as successor

Opposition To Motion To Strike Jury Demand And Counter-Motion For Leave To Amend Answer

**ATTACHMENT**




**PROPOSED FIRST AMENDED ANSWER**

WAYNE A. SILVER, Esq. (108135)
333 West El Camino Real, Suite 310
Sunnyvale, California 94807
Tel. (408) 720-7007
Fax. (408) 720-7001
Email: w_silver@sbcglobal.net

Attorney for Defendant,
MARY THORNHILL, as Trustee of the
Wirth 1984 Revocable Trust and as successor

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>SAND HILL CAPITAL PARTNERS III, LLC, a California limited liability company,<br><br>    Debtor. | Case No.: 08-30989-TEC<br>Chapter 7 |
| JANINA M. ELDER, Trustee of the Bankruptcy Estate of Sand Hill Capital Partners III, LLC, a California limited liability company, Debtor,<br><br>    Plaintiff,<br>  v.<br><br>MARY THORNHILL, as Trustee of the Wirth 1984 Revocable Trust and as successor,<br><br>    Defendant. | Adv. Pro. No. 10-3080<br><br>**[PROPOSED] FIRST AMENDED ANSWER TO ADVERSARY COMPLAINT**<br><br>**DEMAND FOR JURY** |

MARY THORNHILL, as Trustee of the Wirth 1984 Revocable Trust and as successor, the Defendant named above (the "Defendant"), answers the Complaint filed by JANINA M. ELDER, ("Plaintiff") Trustee of the Bankruptcy Estate of Sand Hill Capital Partners III, LLC, a California limited liability company, Debtor in the above-captioned Adversary Proceeding No. 10-3080, (the "Complaint"), alleges as follows:

Case: 10-03080   Doc# 21   Filed: 05/06/11   Entered: 05/06/11 12:54:14   Page 7 of 12

# I. ANSWER

## JURISDICTIONAL ALLEGATIONS

1.     Defendant admits the allegations in ¶¶1 - 4 of the Complaint, inclusive.

2.     Defendant denies the allegations in ¶5 of the Complaint.

## GENERAL ALLEGATIONS

3.     Defendant admits the allegations in ¶6 of the Complaint.

4.     Defendant lacks the necessary information and belief to admit or deny the allegations in ¶7 of the Complaint and on that basis denies each and every allegation in ¶7

5.     Answering ¶8, the Defendant is informed and believes that monies were invested by her or on her behalf with the Debtor and/or with other entities controlled by the Debtor.

6.     Defendant admits the allegations in ¶9 of the Complaint.

7.     Defendant lacks the necessary information and belief to admit or deny the allegations in ¶¶10 - 12 of the Complaint, and on that basis denies each and every allegation in Paragraphs ¶¶10 – 12, inclusive.

## FIRST CLAIM FOR RELIEF

### (Avoidance and Recovery of Fraudulent Transfers)

8.     Answering ¶13 of the Complaint, Defendant incorporates by this reference her responses in Nos. 1 – 7, *supra*, as though fully set forth hereagain in full.

9.     Defendant lacks the necessary information and belief to admit or deny the allegations in ¶¶14 - 17 of the Complaint, and on that basis denies each and every allegation in Paragraphs ¶¶14 – 17, inclusive.

## SECOND CLAIM FOR RELIEF

### (Avoidance and Recovery of Fraudulent Transfers)

10.     Answering ¶18 of the Complaint, Defendant incorporates by this reference her responses in Nos. 1 – 9, *supra*, as though fully set forth hereagain in full.

11.     Defendant lacks the necessary information and belief to admit or deny the allegations in ¶¶19 - 21 of the Complaint, and on that basis denies each and every allegation in Paragraphs ¶¶19 – 21, inclusive.

First Amended Answer To Adversary Complaint

### THIRD CLAIM FOR RELIEF

#### (Avoidance and Recovery of Fraudulent Transfers)

12.     Answering ¶22 of the Complaint, Defendant incorporates by this reference her responses in Nos. 1 – 11, *supra*, as though fully set forth hereagain in full.

13.     Defendant lacks the necessary information and belief to admit or deny the allegations in ¶¶23 - 24 of the Complaint, and on that basis denies each and every allegation in Paragraphs ¶¶23 – 24, inclusive.

### FOURTH CLAIM FOR RELIEF

#### (Account Stated)

14.     Answering ¶25 of the Complaint, Defendant incorporates by this reference her responses in Nos. 1 – 13, *supra*, as though fully set forth hereagain in full.

15.     Defendant lacks the necessary information and belief to admit or deny the allegations in ¶¶26 - 27 of the Complaint, and on that basis denies each and every allegation in Paragraphs ¶¶26 – 27, inclusive.

### FIFTH CLAIM FOR RELIEF

#### (Accounting)

16.     Answering ¶28 of the Complaint, Defendant incorporates by this reference her responses in Nos. 1 – 15, *supra*, as though fully set forth hereagain in full.

17.     Defendant lacks the necessary information and belief to admit or deny the allegations in ¶¶29 – 30 of the Complaint, and on that basis denies each and every allegation in Paragraphs ¶¶29 – 30, inclusive.

### SIXTH CLAIM FOR RELIEF

#### (Turnover)

18.     Defendant lacks the necessary information and belief to admit or deny the allegations in ¶¶31 - 32 of the Complaint, and on that basis denies each and every allegation in Paragraphs ¶¶31 - 32, inclusive.

### II.     AFFIRMATIVE DEFENSES

1.     As a separate affirmative defense, Defendant alleges the Complaint, and each and

every claim therein, if any there are, is barred by the applicable statute(s) of limitations.

2.     As a separate affirmative defense, Defendant alleges Plaintiff has failed to state a claim upon which relief can be granted.

3.     As a separate affirmative defense, Defendant alleges Plaintiff's claims, if any there are, are barred by the doctrines of the equitable doctrine of waiver and/or estoppel.

4.     As a separate affirmative defense, Defendants are informed and believe and thereon allege that Plaintiff is barred from recovery under 11 U.S.C. §550(a)(2) because she was and is:

(1)     a transferee that took for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided; and/or,

(2)     an immediate or mediate good faith transferee of such transferee.

5.     As a separate affirmative defense, Defendant is informed and believes and thereon alleges that Plaintiff is barred from recovery under 11 U.S.C. §550 because Defendant gave fair consideration in good faith for the alleged transfers.

6.     As a separate affirmative defense, Defendant is informed and believes and thereon alleges that Plaintiff lacks standing to demand an accounting.

7.     As a separate affirmative defense, Defendant is informed and believes and thereon alleges that the Plaintiff is only entitled to a single satisfaction of an avoided transfer, it any there was.

8.     As a separate affirmative defense, Defendant is informed and believes and thereon alleges that Plaintiff held no legally cognizable interest in the property that was allegedly transferred.

9.     As a separate affirmative defense, Defendant is informed and believes and thereon alleges that Plaintiff is barred from recovery because the Debtor had no bona fide creditors holding allowable claims at the time of the alleged transfers.

10.     As a separate affirmative defense, Defendant is informed and believes and thereon alleges that Plaintiff is barred from recovery because the Debtor was not insolvent at the time of the transfers.

11.     As a separate affirmative defense, without conceding that any act of this Defendant

First Amended Answer To Adversary Complaint

caused damage to Plaintiff, or any other person in any respect, Defendant alleges that she is entitled to recoup against any judgment that may be entered.

12.     As a separate affirmative defense, Defendant alleges she acted in good faith and without knowledge of any fraud or wrongdoing by the Debtor at all times relevant to the matters alleged in the Complaint.

13.     As a separate affirmative defense, Defendant alleges she provided reasonably equivalent value for any alleged transfers received, including but not limited to the loss of her right to restitution against the Debtor and/or others in the amount of such alleged transfers.

14.     As a separate affirmative defense, Defendant alleges that Plaintiff is responsible for the matters set forth in the Complaint herein, by Plaintiff s own conduct, and that said conduct by Plaintiff resulted in the loss and damages complained of, if any there were.

15.     As a separate affirmative defense, Defendant alleges that under the doctrine of mitigation of damages, Plaintiff failed to limit the alleged damages set forth in the Complaint, and that such failure to mitigate was the sole and proximate cause of damages to Plaintiff, if any.

16.     As a separate affirmative defense, Defendant alleges that the acts of Defendant herein alleged were not the proximate cause of Plaintiff alleged damages in that unforeseeable, independent and intervening acts on the part of other parties operated to cause Plaintiff's damages, if any there were.

17.     As a separate affirmative defense, Defendant is informed and believes, and upon such information and belief alleges, the Debtor owned, operated and/or controlled other legal entities, and in conjunction with such legal entities and William James Del Biaggio, III aka "Boots" Del Biaggio ("Del Biaggio") and others (collectively, the "Del Biaggio Entities"), obtained and co-mingled monies from her as part of a fraudulent scheme designed to misappropriate investors funds and wrongfully and without authorization redirect them to the Del Biaggio Entities (the "Investment Scheme"). As a result, the Plaintiff is barred from pursuing any and all claims against the Defendant under the equitable doctrines of unclean hands and/or *in pari delicto*.

18.     As a separate affirmative defense, Defendant is informed and believes, and upon such information and belief alleges the Del Biaggio Entities were all the alter egos of each other, and

maintaining the separateness of Del Biaggio and/or the other legal entities owned, operated and/or controlled by Del Biaggio would be further a fraud and work an injustice on the Defendant.

19. As a separate affirmative defense, Defendant is informed and believes, and upon such information and belief alleges, the Del Biaggio Entities were "stockbrokers" within the meaning of 11 U.S.C. §101(53A), and the Defendant was a "customer" as defined by 11 U.S.C. §741, et seq. Defendant is further informed and believes, and upon such information and belief alleges any transfers she received were in the nature of "settlement payments" as defined by 11 U.S.C. §741(8), and therefore were taken for reasonably equivalent value under 11 U.S.C. §548(d).

20. Defendant presently has insufficient knowledge and/or information upon which to form a belief as to whether she may have other, as yet unstated, affirmative defenses available. Therefore, defendant reserves the right to amend this Answer to assert additional affirmative defenses in the event that discovery or any other investigation indicates that they would be appropriate. Defendant expressly reserves all rights and remedies.

**WHEREFORE**, the Defendants prays:

(a) That Plaintiff take nothing by way of the Complaint, and/or each Claim For Relief therein, that and that judgment be entered for Defendant and against Plaintiff;

(b) That Defendant be awarded attorneys' fees and costs as allowed by applicable law in an amount according to proof; and,

(c) For such other and further relief as the Court deems just and proper.

Dated: May 6, 2011                    /s/ Wayne A. Silver
                                      Wayne A. Silver, attorney for Defendant MARY
                                      THORNHILL, as Trustee of the Wirth 1984
                                      Revocable Trust and as successor

### III.    JURY DEMAND

Defendant demands a trial by jury.

Dated: May 6, 2011                    /s/ Wayne A. Silver
                                      Wayne A. Silver, attorney for Defendant MARY
                                      THORNHILL, as Trustee of the Wirth 1984
                                      Revocable Trust and as successor

First Amended Answer To Adversary Complaint