**Entered on Docket
August 12, 2011
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA**



**Signed and Filed: August 11, 2011**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>SAND HILL CAPITAL PARTNERS III, LLC, a California limited liability company,<br><br>　　　　　　　Debtor.<br>_____<br>JANINA M. HOSKINS, Trustee of the Bankruptcy Estate of Sand Hill Capital Partners III, LLC, a California limited liability company,<br>　　　　　　　Plaintiff,<br>　　vs.<br>MARY THORNHILL, as Trustee of the Wirth 1984 Revocable Trust and as successor,<br>　　　　　　　Defendant.<br>_____ | Case No. 08-30989 TEC<br><br>Chapter 7<br><br><br><br><br><br>Adv. Proc. No. 10-3080 TC<br><br><br><br><br>Date: August 12, 2011<br>Time: 11:00 a.m.<br>Ctrm: Hon. Thomas E. Carlson<br>　　　235 Pine St., 23rd Fl.<br>　　　San Francisco, CA |

**TENTATIVE RULING RE MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND MOTION TO STRIKE JURY DEMAND**

1. Defendant's motion to dismiss for lack of subject-matter jurisdiction should be denied. This court, as a unit of the district court, clearly has both arising-under and related-to jurisdiction under 28 U.S.C. § 1334(b). <u>Stern v. Marshall</u>, 131 S.Ct. 2594 (2011) has nothing to do with whether the district court

TENTATIVE RULING　　　　　　　　-1-

has subject-matter jurisdiction, but addresses only which judicial officer may exercise certain powers.

2. Plaintiff's motion to strike Defendant's jury demand should be denied. In asserting the right of set-off or recoupment to reduce her liability to the estate, while expressly declining to seek affirmative relief against the estate, Defendant has not caused this action to become a part of the claims-allowance process. Stern v. Marshall interprets narrowly what claims to augment the estate become part of the claims-allowance process. Following Stern, a right of set-off or recoupment asserted by a defendant in an action brought by the estate, becomes part of the claims-allowance process only if the defendant seeks an affirmative recovery from those assets of the estate that exist apart from the action in which the defense is raised.

3. By seeking to preserve her jury demand on the basis that she is not seeking affirmative relief against the estate, Defendant is estopped from later amending her complaint to seek such relief.

4. This court will conduct all pretrial proceedings as specified in Sigma Micro Corp. v. Healthcentral.com, 504 F.3d 775 (2007).

**\*\*END OF TENTATIVE RULING\*\***